## No. 4063

### Second Circuit
### (Second Division)

---

## BEZANSON v. WRAY-DICKINSON, INC., ET AL.

---

(March 16, 1932.  Opinion and Decree.)
(May 4, 1932.  Rehearing Refused.)

---

Wilson & Abramson, of Shreveport, attorneys for defendants, appellants, Wray-Dickinson.

T. Overton Brooks, of Shreveport, attorney for defendant, appellee, Motors Securities Company, Incorporated.

DREW, J. Plaintiff, C. E. Bezanson, Jr., on April 26, 1929, purchased from Wray-Dickinson Company, Inc., a Ford automobile for the price of $689.50, including carrying charges, interest, etc., and gave one note, calling for fifteen monthly payments, and paid no cash. As collateral, he gave notes signed by J. J. Schumway, aggregating $390, secured by a chattel mortgage on a Studebaker automobile he had previously sold to Schumway.

Wray-Dickinson Company, Inc., sold the Bezanson notes to the Motor Securities Company, Inc., and transferred the collateral notes to them also. Schumway failed to pay his note when it became due, and, under a written agreement, he turned the Studebaker over to the Motor Securities Company for it to hold five days, and, if he did not pay the past-due note, authorized it to sell the Studebaker car and apply the proceeds on his note, without in any manner releasing him from the balance of said notes, if the car failed to bring enough to pay them. This agreement was dated June 13, 1929.

The Ford car purchased by Bezanson was stolen, and the insurance company paid $500, which was turned over to the Motor Securities Company and credited on the Bezanson notes. The Motor Securities Company did not sell the Schumway car, but called upon Wray-Dickinson Company, by virtue of their indorsement, for the balance due on the Bezanson notes, which was paid by Wray-Dickinson Company, amounting to $175, being the balance due, less a refund for unearned interest of $14.70. The Motor Securities Company turned back the Bezanson notes and the Schumway collateral notes to Wray-Dickinson Company, and the Schumway Studebaker car.

Some time thereafter, on August 13, 1929, Wray-Dickinson Company secured a sale for the Schumway Studebaker car and secured from plaintiff Bezanson the following letter:

"August 13, 1929.
"Wray-Dickinson Company, Inc., Shreveport, Louisiana.
"Gentlemen: Whereas you hold notes on Studebaker Sedan No. 10204, signed by J. J. Schumway and endorsed by me. Mr. Schumway has failed to pay the notes and you have a release on the car from him. This will serve as a release for any claim, of any kind that I might have to the above Studebaker.
"Yours very truly, C. E. Bezanson, Jr."

And on the same date it sold the car to Clarence Palmer for $500, $40 cash, and the balance in notes.

On March 7, 1930, Bezanson filed this suit against Wray-Dickinson Company and the Motor Securities Company for the sum of $283.30, alleging that the purchase price of the car, plus interest, insurance, carrying charges, etc., was $689.50; that the actual sale price of the car was $580, and that the $109.50, difference, was for the fifteen months' carrying of the notes, and the note was settled by insurance and the taking possession of the Studebaker car within three months after being made; therefore only one-fifth of the carrying charge, etc., was earned, amounting to $20.70, leaving a difference of $82.80 due petitioner as a refund. That, when defendant repossessed the Schumway car, it made the Schumway transaction their own, and that petitioner is entitled to credit of $390 for the Schumway notes, put up by him as collateral. That the $500 insurance received by defendant, $390, Schumway notes, and $82.70 refund due, amounted to $283.20 more than the purchase price of the car, and which amount he claims.

The Motor Securities Company is sued as agent of the Wray-Dickinson Company and also as being part of that concern.

Motor Securities Company answered, denying the allegations of plaintiff's petition and denying any interest in the matter.

The lower court held that the Motor Securities Company purchased the notes and collateral from Wray-Dickinson Company and had been fully paid, and had turned back to Wray-Dickinson Company all notes and collateral, together with the Schumway car, and were entirely out of the transaction. We fully agree with the lower court's finding.

Wray-Dickinson Company answered, denying the indebtedness to plaintiff, and based its defense on a letter from plaintiff to it of date August 13, 1929. Its principal defense is set out in article XI of its answer in the following language:

"* * * Your defendant refused to sell or dispose of said car until the consent of plaintiff could be secured and that in due course, plaintiff visited the place of business of defendant in the city of Shreveport and released any and all claims and right which he may have had to said car in order that same might be sold and the proceeds thereof applied toward the reduction of the indebtedness of plaintiff."

We might take its allegations as true, and it would be of no aid to defendant, for at that time plaintiff could only have been indebted to defendant in the sum of $175, and defendant held the Schumway notes for $390. The car was sold for more than the amount of the Schumway notes, and plaintiff would have been entitled to the full value of the Schumway notes, less the amount he owed defendant, or $215.

It cannot be presumed, and is not contended, that plaintiff agreed to take only

what was collected from the sale. The sale was made by Wray-Dickinson Company, and whether the amount was collected or not was no concern of plaintiff's. He was entitled only to the amount of the Schumway notes, which were his property. However, it is clear from the letter of August 13, 1929, and defendant's answer in this suit, that plaintiff did not release his claim to the Schumway notes, and, when the car was sold by defendant for the amount in excess of the Schumway notes, under the agreement with Schumway, the notes were canceled as paid and could not be again collected. Plaintiff was, therefore, entitled to credit for them.

Plaintiff is entitled to credit for $500, insurance collected; $390, for the Schumway notes; and $14.70, refund allowed by the Motor Securities Company to Wray-Dickinson Company for interest that had not accrued, making a total of $904.70. His indebtedness to defendant was $689.50. The difference is $215.20, which amount he is entitled to have judgment for.

Defendant contends that the Studebaker car only sold for $365, relying on documents attached to an application for rehearing, which was not granted. It is not complained in this court about the refusal to grant a rehearing in the lower court and we can only consider the evidence in the record which shows the sale price of the Schumway car to have been $500.

The judgment of the lower court was in favor of plaintiff and against Wray-Dickinson Company in the sum of $215.20, and it is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.